LIGON v. PHILLIP SCHALANSKY & BROS.

In Banc. Jan. 23, 1950.

No. 37367 (43 So. (2d) 881)

140

W. C. Sweat, for appellant.

**William Sharp,** for appellee.

**Alexander, J.**

Suit was brought upon open account against appellant for $235.00 representing the shipment of women's suits upon the signed orders of appellant dated October 6, 1947. The only witness for the plaintiff was the defendant who was introduced by plaintiff, and the only other witness was an employee of the plaintiff.

From this testimony, which is uncontradicted, it appears that the order was solicited by one Miller, representative of the seller, who agreed as part of the consideration for the transaction that Miss Ligon would handle exclusively defendant's line in the City of Corinth. Such agreement is evidenced by a notation upon the copy of the order left with her, which is as follows: "Confined to this account in this town." There is no denial that the import of this notation is that she was to handle seller's line as an exclusive outlet in that locality. However, the copy of the order transmitted by the salesman to the seller did not bear this memorandum.

Upon discovery by Miss Ligon that the same line had been sold to and was being handled by another store in the same city, she canceled the contract and returned the unsold merchandise.

The answer to this contention is that Miss Ligon did not promptly rescind the contract. Moreover, it is asserted that there was no fraud in its procurement and that she may not change its terms by oral testimony.

In our opinion, the oral testimony did not tend to alter but to destroy the contract. Citation need not be summoned to support such right.

The falsity of the representation is shown by the following undisputed facts: the agent Miller agreed to the condition as part of the contract; that he failed to place such condition upon the order he transmitted to his principal, and that appellant, upon an early discovery that a similar order had been placed with a local competitor, challenged Miller with this fact and was assured by him that, consistent with his agreement, he would cancel the competing order, which was not done.

The trial judge directed a judgment for the plaintiff upon the ground that the actual rescission was not promptly made and fixed the applicable period of plaintiff's knowledge of the fraud as being that between January 19, 1948, and the date the goods were returned the latter part of February. January 19 is the date upon which the defendant wrote the following letter:

"Connie Ligon's Beauty Salon
And Dress Shop
"Telephone 77 Filmore Street
Corinth, Miss.

"January 19, 1948

"Donny Brook
"New York, New York.
"Dear Sir:

"I'm sorry I won't be able to handle any more suits for this season. At the time I gave my order another shop here in this town bought the same numbers. You promised her the line exclusive after this season. So I have bought coats and suits from another line. I'm very sorry I can't have them for they are beautiful suits.

"Yours truly,
"Connie Ligon."

We do not think that the letter is sufficient proof that defendant then knew that Miller had broken his agreement to cancel the prior orders to her competitor. It refers to a future policy. It is true the letter discloses a knowledge that she knew the rival shop had

bought the same numbers, yet such knowledge was that gained from the other shop the day defendant placed her orders, and her anxiety on this point was allayed by the subsequent assurances of Miller that the competing order would be canceled. In reply to the questions directed to this letter "At that time you knew they (the competitor) were getting this line?", she testified, "I did not know they were shipping her." And to the inquiry, "You knew they were supposed to ship her merchandise?", she replied, "No, they promised they wouldn't, but when I found they had promised her another season and they did if she would let them ship her, she would have it exclusive".

Her actual discovery came through a newspaper advertisement by the competing shop in February offering this same line of suits. The next day she shipped back the unsold goods with a copy of the advertisement and canceled the order. We do not have to adjudge whether the period between the letter and the cancellation was sufficiently prompt under the law of rescission. Her testimony is undisputed and is sufficient.

We may well observe that as to the order and contract there was never a meeting of the minds of the parties. Since the copy bearing the agreement for exclusive representation was not transmitted to the principal, their minds did not meet thereon. If the copy without the notation is to be made the basis of liability, such defect likewise is found for this was not the defendant's agreement. This fact was known to and withheld by the agent from his principal. Therefore there was no contract.

Appellant concedes liability for the value of one suit sold by her and does not contest judgment against her in the sum of $26.75. Her appeal is based upon the alleged error of the trial court in granting a peremptory instruction against her for the full amount including protest fees upon checks sent by her to appellee prior to

discovery of the fraud, payment on which was stopped. Appellant requested a peremptory instruction for all items except the one at $26.75. This request ought to have been granted.

██ █ Inasmuch as appellant suffered a just judgment for the one item, which we do not disturb, and her appeal relates only to the balance of the account, costs only in this Court are adjudged against the appellee.

Reversed and judgment here for appellant.